### MILBURN v CONREY et

Ohio Appeals, 2nd Dist, Greene Co

No 424.   Decided· May 18, 1936

Neal W. Hunter, Jamestown, and Harry D. Smith, Xenia, for plaintiff.

Marshall & Marshall, Xenia, for defendants.

## OPINION

By BODEY, J.

This action is before the court on appeal.

In her petition plaintiff alleges that under an oral agreement for the purchase of real estate in the total sum of $2250.00, she turned over to defendants the sum of $1100.00; that plaintiff and the defendants were to purchase said property together, plaintiff paying one-half of the purchase price and defendants the other one-half thereof; that plaintiff now offers to pay defendant the balance of $25.00 due upon her share of the purchase and that defendants have taken the whole of the title to the real estate purchased in their names. Plaintiff prays for an order of court, directing the defendants to convey to her a one-half interest in said real estate.

The defendants filed an answer to this petition, containing two defenses. In their first defense defendants admit that the real estate referred to in the petition was purchased for the sum of $2250.00, that title to the same is in their name, and defendants deny the remaining allegations of the petition. By way of second defense defendants admit that the plaintiff turned over to them a certificate of deposit of the face value of $1211.00 shortly prior to the purchase of said real estate; that said certificate of deposit was sold by them for the sum of $787.15; that defendants put up in cash the sum of $812.85; that the defendants borrowed the sum of $650.00, which was applied upon and completed the said purchase price. Defendants then allege that plaintiff orally agreed to pay off said loan of $650.00 at the rate of $25.00 per month; that the amount received on the certificate of deposit was applied by mutual agreement on a balance due from the plaintiff for previous, board and room of $69.00, and upon the sum of $312.00 due and owing defendants by the plaintiff for washing and ironing for the previous six year period; that the defendants, for the remainder of said certificate of deposit and in consideration that plaintiff would make the monthly payments in discharge of the $650.00 sum which was borrowed, would take care of plaintiff in the house located upon the premises purchased and would take care of plaintiff during her

natural life. Defendants allege that they have carried out their part of the agreement and are yet ready and willing so to do. Defendants further allege that they improved said property at an expenditure of $614.15, to which plaintiff contributed nothing. Defendants pray that the petition be dismissed.

In her reply filed to this answer plaintiff denies the allegations thereof.

The parties agree that the plaintiff turned over to defendants, by way of her certificate of deposit and monthly payments at the rate of $25.00 for a period of one year, a total sum of $1100.00. Plaintiff has paid to the clerk of this court the sum of $25.00, which payment would discharge her obligation to pay for one-half of the property described in the petition.

It is a general rule that as between strangers the party who furnishes the purchase price intends that property purchased with his money will inure to his benefit.

"It may be considered as settled that when A furnishes B with money to be invested in land, which is so invested, B taking the title in himself, the title thus acquired is held in trust for A." 40 O. J. 275, §98.

However, in transactions between near relatives a presumption arises that the party furnishing the purchase price is making an advancement or a gift to the grantee, who takes title in his own name. A parent standing in loco parentis to a stepchild is presumed to make a gift or advancement when he turns over to the child money with which to purchase property. 40 O. J. 276 to 284.

"Like the presumption of a resulting trust, where the grantee is a stranger this presumption of a gift or advancement is a rebuttable one. Parol evidence is admissible to show the payor's intention with respect to the gift or advancement to the grantee. The burden of proof is upon the one alleging that the intent was not to make a gift, and the proof must be clear and convincing. Such presumption is overcome by proof of * * * a declaration, at the time of the transaction, by the payor of his purpose." 40 O. J. 282, §100.

In the case at bar, if, by reason of the relationship of the parties, a presumption of gift or advancement has arisen. the same is rebuttable by clear and convincing evidence. The questions before the court concern the weight of the evidence rather than the law governing the case. What may amount to clear and convincing evidence in one case or in one court may not meet that requirement in another case or in another court.

We have read the entire record carefully. The testimony of the principals is in dispute and in direct conflict. An extended resume of the testimony would not be profitable. The description of the past relationship of the parties, as furnished by them, is of great assistance in the disposition of the case. The evidence shows that the plaintiff, a widow, who was the stepmother of the defendant, Zetta B. Conrey, had made her home with the defendants, who are husband and wife, for approximately nine years, immediately preceding the purchase of this property. During that period they operated under a written agreement, whereby plaintiff paid defendants the sum of $16.00 monthly for her board and room and the parties lived as a single family. Plaintiff was seventy-nine years of age when this property was purchased. She had not been living with defendants for some few weeks prior thereto. She turned over to the defendants in this transaction the whole of her savings account and paid them an additional sum of $300.00 in monthly payments of $25.00 each. The defendants testify that plaintiff was to do all of this and was also to pay the remainder of the money borrowed by them to complete the payment of the purchase price of this property in return for their promise to permit her to live in two rooms of this house and afford her a burial, defendants to pay no bills, however, or to board her or to provide fuel for her unless plaintiff was unable to do so. It does not seem reasonable or probable that plaintiff would enter into such an agreement, when as a matter of fact she had previously lived with the defendants under a contract whereby she paid them $16.00 monthly for her board and room.

Plaintiff testified in support of the allegations of her petition. Considering her age, her recital seems consistent and is probative of her claim. The positive testimony of the plaintiff, coupled with the unreasonableness of the contentions advanced by the defendants, leads the court to the conclusion that plaintiff has sustained the burden of proof cast upon her and that she has established her claim by clear and convincing evidence.

The answer of the defendants contains this allegation:

"Defendants further say the cost of labor and material in repairing and improving the property amounts to six hundred fourteen and 15/100 ($614.15) dollars, to which plaintiff contributed nothing."

Defendants did not pray for a recovery of one-half of the amount of money expended by them for repairs and improvements in the event that the plaintiff was successful in her action. This allegation was no doubt included in the answer in support of the position assumed by defendants that they were the sole owners of the property at all times and that they made these improvements as such. Evidence supporting this allegation of the answer was introduced by the defendants, but this evidence does not go to the extent of informing the court whether the repairs and improvements which were made were necessary or whether the value of the joint property was enhanced thereby. The testimony shows that none of the repairs or improvements, except the painting, were made on the property until after the plaintiff had moved away. The house was painted while the plaintiff lived with the defendants and with her knowledge. The record does not disclose that plaintiff consented to the painting. It may be assumed that the plaintiff had no knowledge of and did not consent to those improvements and repairs which were made after she moved out of the property. The general rule seems to be that:

"In determining whether an improving co-tenant should be recompensed for his improvements, as reflected in the increased value of the common premises, all the circumstances attending their erection, their nature, and their relation to the estate improved, and to the other co-tenants, are to be considered." 7 R.C.L. 838, §34.

Since this is a case in equity plaintiff may not be afforded relief, except on equitable principles. The maxim, "He who seeks equity must do equity," applies in this case. If the improvements and repairs which were placed on this property by defendants enhanced the value of the property, then it would be equitable that the defendants should be reimbursed for one-half of the expenditure. The case will, therefore, be reversed, in order that the parties may introduce further testimony relative to the character of the repairs and improvements and the comparative value of the property after the repairs and improvements were made.

If additional testimony is offered the court will then determine whether or not the plaintiff should pay to the defendants any portion of the money expended for repairs and improvements as a condition of receiving from them a deed for the undivided one-half of the premises described in the petition. The court will, of course, order that in any event the plaintiff shall pay to the defendants the sum of $25.00, which is now in the hands of the clerk of this court, which payment will be in full of her one-half of the purchase price.

BARNES, PJ, and HORNBECK, J, concur.